FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 02 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROSSI COLLIER,

                Plaintiff,

                ORDER

-against-                12-CV-3965(SJF)(AKT)

HOMEWARD RESIDENTIAL, JOHN DOES #1-5,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

On August 3, 2012, *pro se* plaintiff Rossi Collier ("plaintiff") filed a complaint in this court seeking, *inter alia*: (1) to enjoin (a) a foreclosure action commenced against him in the Supreme Court of the State of New York, County of Kings, and (b) defendants Homeward Residential ("Homeward") and "John Does #1-5" (collectively, "defendants") from demanding future mortgage payments from him and from increasing his mortgage payments; (2) judgment (a) declaring that his current mortgage was the result of a predatory lending scheme by defendants and others and (b) discharging his current loan; and (3) punitive damages in the amount of nine hundred twenty-five thousand dollars ($925,000.00). Plaintiff's complaint was accompanied by an application to proceed *in forma pauperis*.

Plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted.

Although the complaint may be served without prepayment of the filing fee, the United States Marshal Service cannot effect service on defendants because plaintiff has not provided any information from which the identities of the "John Doe" defendants may be ascertained or an address at which Homeward may be served. The only address that appears for Homeward in the complaint

1

or attachments thereto is a post office box upon which service may not be made. Accordingly, plaintiff is directed to provide the Court, in writing, **on or before November 2, 2012**, with: (1) the identities of the "John Doe" defendants and (2) the addresses at which defendants may be served with process, so that service upon defendants may be effected within the one hundred twenty (120) period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff is advised that pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, he "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," and that his failure (1) to comply with this order, such that service cannot be made upon defendants within the time allowed by Rule 4(m); (2) to seek an extension of time to do so; or (3) to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(1), **will result in the dismissal of this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

Upon plaintiff's compliance with this Order, the Clerk of Court shall cause the United States Marshal Service to serve copies of the summonses, complaint and this Order upon defendants without prepayment of fees.

The Clerk of the Court shall serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure.

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: October 2, 2012
Central Islip, New York